### SCOTT v. STATE.   (No. 9496.)

(Court of Criminal Appeals of Texas.   Nov. 18, 1925.)

1. Criminal law ⊚⟶784(4)—Omission to say in charge that state relied on circumstantial evidence held not error.

Omission of court in instruction on circumstantial evidence in usual form to say that state relied on circumstantial evidence for conviction *held* not error.

2. Criminal law ⊚⟶829(1)—Refusal of special charge already given not error.

Refusal of special charge, covering same issue presented by different charge more comprehensively than one refused, *held* not error.

Appeal from District Court, Montague County; Vincent Stine, Judge.

T. D. Scott was convicted of unlawfully possessing intoxicating liquor for purpose of sale, and he appeals. Affirmed.

J. W. Davenport, of Wichita Falls, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J.   Conviction is for unlawfully possessing intoxicating liquor for the purpose of sale; punishment one year in the penitentiary.

[1] It is not necessary to state the facts. They support the finding of the jury. The court instructed the jury upon circumstantial evidence in the form usually employed, omitting, however, to say that the state relied upon circumstantial evidence for a conviction. Exception was reserved to the charge because of said omission. The point

is settled against appellant in Pennington v. State (Tex. Cr. App.) 48 S. W. 507, and Young v. State, 91 Tex. Cr. R. 511, 240 S. W. 930.

[2] The court committed no error in refusing to give the special charge shown in bill of exception No. 1. Another special charge was given at appellant's request, which presented the same issue to the jury more comprehensively than did the one refused.

Finding no error in the record, the judgment is affirmed.